IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ROBERT BREWER,

    Plaintiff,

v.

MARGARET IMMEL BREWER, *et al.*,

    Defendants.

Civil Action No.
3:18-CV-0399 (GLS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

ROBERT BREWER, *Pro Se*
P.O. Box 1004
Johnson City, NY 13790

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

This is an action commenced by *pro se* plaintiff Robert Brewer against his former spouse, his two sons, and two individuals employed by the New York City Department of Environmental Protection ("NYCDEP) alleging civil violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Following the *sua sponte* dismissal of his original complaint upon initial review, plaintiff submitted an amended complaint containing many of the same allegations as in its predecessor. Plaintiff's amended complaint has been forwarded to me for review, pursuant to 28 U.S.C. § 1915(e), in light of the fact that plaintiff is proceeding in the matter *in forma pauperis* ("IFP"). For the reasons set forth below, I recommend that the amended complaint be dismissed without leave to replead.

I.    BACKGROUND

Plaintiff's original complaint in this action was filed on April 1, 2018, and was accompanied by a request for leave to proceed without prepayment of the required filing fees. Dkt. Nos. 1, 2. In his complaint, plaintiff named as defendants his former wife, Margaret Immel Brewer ("Margaret"), and his two sons, Robert Martin Brewer ("Robert Martin") and Eric Channing Brewer ("Eric Channing"). Dkt. No. 1.

On April 27, 2018, I issued an order, report, and recommendation, following my review of plaintiff's IFP request and original complaint, granting plaintiff IFP status but recommending dismissal of his complaint, with leave to replead for the failure to state a cognizable RICO claim. Dkt. No. 6. Over plaintiff's objections, Senior District Judge Gary L. Sharpe

accepted my recommendation and dismissed plaintiff's original complaint. Dkt. Nos. 7, 8, 9. Plaintiff availed himself of the opportunity to replead by submitting an amended complaint on August 10, 2018. Dkt. No. 10. The precise nature of the basis for the RICO claims is difficult to discern from plaintiff's amended complaint, which is bizarre, rambling, and disjointed. *See generally* Dkt. No. 10. Plaintiff's claims generally arise out of a series of distinct domestic disputes that involve the original defendants. *See generally id.* However, as amended, plaintiff also asserts claims against Vincent Sapizena ("Sapizena"), the Commissioner of the NYCDEP, and Frederick Hamel ("Hamel"), whom plaintiff identifies as being part of the NYCDEP's "Signature Unit," arising out of NYCDEP's attempt to collect a debt for water services rendered to the real property located at 2065 East 73rd Street in Brooklyn, New York, which appears to have been the marital home shared by plaintiff and Margaret during their marriage. *See generally id.* at 1, 7-8, 11, 15.

This first discrete event giving rise to plaintiff's claims occurred sometime between 2000 and 2005, when Margaret is alleged to have falsely reported to credit reporting agencies that a retail debt belonged to plaintiff. Dkt. No. 10 at 4-5. Plaintiff similarly alleges that Robert Martin and Eric Channing—emboldened by Margaret's action—also falsely reported

3

that their respective debts belonged to plaintiff. *Id.* As a result of this conduct, plaintiff was forced to accept a car loan with a nine percent interest rate. *Id.* at 5.

Plaintiff further alleges that he is the author of a book that he self-published through his business, "Lion of Tepelena Press Inc." Dkt. No. 10 at 5, 11. At some point, he acquired an inventory of four hundred unsold copies of the book, and stored them in the basement of the marital home. *Id.* In 2005, and again in 2014, plaintiff contacted Robert Martin to inquire concerning the whereabouts of the books. *Id.* at 6. Although Robert Martin did not acknowledge the inquiry, Robert Martin stated to plaintiff, "if you come to the house, I will call the authorities." *Id.* Plaintiff speculates that the books were burned by Robert Martin and Eric Channing, at the behest of Margaret. *Id.* at 14.

Plaintiff's amended complaint also alleges that between 2010 and 2011, plaintiff learned that the water bill that was connected to the marital home had not been paid when the NYCDEP began attempts to collect the past-due obligation from him. Dkt. No. 10 at 7-8. Plaintiff requested an itemized water bill, but never received it. *Id.* at 8. Ultimately, plaintiff's name was removed from the deed of the marital home. *Id.* In addition to filing a notice of claim against the NYCDEP, in which he alleged that

4

Margaret, Robert Martin, and Eric Channing collaborated to falsely assign the water arrearage to him, plaintiff also attempted to have the debt cleared from his name through NYCDEP. *Id.* at 8, 10, 15. Plaintiff claims that his attempts to clear the debt were frustrated by defendant Hamel, who failed to provide him with NYCDEP's administrative findings or any grounds upon which he could file an appeal of those findings. *Id.* at 8, 10, 15.

Plaintiff's final claim appears to stem from a bribery scandal involving former New York State Supreme Court Justice Gerald P. Garson and attorney Paul Siminovsky. *See generally People v. Garson*, 69 A.D.3d 650 (2d Dept 2010) (affirming conviction of one count of bribe receiving in the third degree and two counts of receiving reward for official misconduct in the second degree). According to plaintiff, during the pendency of their divorce proceedings, which were finalized in 2000, Margaret—through attorney Sharyn Witlin, who was allegedly acquainted with Attorney Siminovsky—purchased a restraining order against plaintiff from Justice Garson. Dkt. No. 10 at 8-9.

II.   DISCUSSION

    A.   <u>Legal Standard Governing Review of Plaintiff's Amended Complaint</u>

Because plaintiff is proceeding in this matter without prepayment of filing fees, I must consider the sufficiency of the claims set forth in his amended complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing

fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is

applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

  B. <u>Analysis</u>

In order to state a claim for a civil RICO violation pursuant to 18

U.S.C. § 1961 *et seq.*, a plaintiff is required to plausibly allege that (1) defendants violated 18 U.S.C. § 1962, (2) the plaintiff suffered an injury to his business or property, and (3) the injury was caused by the violation of section 1962. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008); *see DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001).

With respect to the first element, "[u]nder any prong of [section] 1962, a plaintiff in a civil RICO suit must establish a 'pattern of racketeering activity.' " *GICC Capital Corp. v. Tech. Fin. Grp.*, 67 F.3d 463, 465 (2d Cir. 1995) (quoting 18 U.S.C. § 1962); *accord, Spool*, 520 F.3d at 183. "A pattern of racketeering" is defined as "at least two acts of racketeering activity, . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5); *accord, Spool*, 520 F.3d at 183. The definition of "racketeering activity" includes, *inter alia*, robbery, bribery, extortion, wire fraud, and mail fraud, *see* 18 U.S.C. § 1961(1), each of which plaintiff identifies as having been committed by some or all of the defendants in his amended complaint. Dkt. No. 10 at 4-8.

However, plaintiff fails to plausibly allege that any of defendants committed any racketeering predicate acts. Therefore, because the

9

amended complaint does not satisfy the first element required for a civil RICO violation, I recommend its dismissal.

       1.    <u>Robbery</u>

The relevant RICO provision explains that robbery constitutes racketeering activity to the extent it "is chargeable under State law and punishable by imprisonment for more than a year." 18 U.S.C. § 1961(1). In New York, the least severe degree of robbery is robbery in the third degree, N.Y. Penal L. § 160.05, and is a class D felony, meaning it is punishable by at least one year imprisonment. N.Y. Penal L. § 70.00. "A person is guilty of robbery in the third degree when he forcibly steals property." N.Y. Penal L. § 160.05. In New York, in relevant part, "[a] person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person[.]" N.Y. Penal L. § 160.00.

In his amended complaint, plaintiff has added the additional factual allegation that when he asked Robert Martin about the location of his book inventory in 2014, Robert Martin responded in an e-mail that if plaintiff went to the marital home, he would "call the authorities." Dkt. No. 10 at 6, 14. Even construing the comment liberally as the court must, the statement is insufficient to show that plaintiff was "threaten[ed] [with] the

10

immediate use of physical force." N.Y. Penal L. § 160.00; *see People v. Woods*, 41 N.Y.2d 279, 281 (1977) ("Thus, in order to sustain a charge of robbery, the People must show not only the taking of the property, but that the taking was accomplished by means of the use or threatened immediate use of physical force."). Accordingly, plaintiff's amended complaint fails to plausibly allege that defendants committed robbery as a predicate act under 18 U.S.C. 1961(1).

### 2. Mail and Wire Fraud

Plaintiff has alleged that defendants committed both mail and wire fraud.[1] Those allegations are subject to the heightened pleading requirements imposed by Rule 9(b) of the Federal Rules of Civil Procedure. *Spool*, 520 F.3d at 185 (citing *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004)); *see also Jus Punjabi, LLC v. Get Punjabi US, Inc.*, 640 F. App'x 56, 58 (2d Cir. 2016). Under Rule 9(b), a party alleging "fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Moreover, in a civil RICO action, "[a]llegations of predicate mail and wire fraud acts should state the contents of the communications, who

---

[1] As provided in 18 U.S.C. § 1961(1), "racketeering activity" includes mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343.

11

was involved, and where and when they took place, and should explain why they were fraudulent." *Spool*, 520 F.3d at 185 (quotation marks and alterations omitted); *see also Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) ("[A] complaint must specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." (internal quotation marks omitted)). Although Rule 9(b) provides that intent "may be alleged generally," Fed. R. Civ. P. 9(b), a complaint must still include "some factual basis for conclusory allegations of intent." *Beck v. Mfrs. Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir. 1987), *abrogated on other grounds by United States v. Indelicato*, 865 F.2d 1370 (2d Cir. 1989).

The plaintiff's mail and wire fraud allegations are predicated upon the NYCDEP's attempts to collect water arrearages incurred by the marital home from plaintiff. Dkt. No. 10 at 7-8, 15. Although plaintiff suggests in the amended complaint that he "fully adhered" to the requirements of Rule 9(b), *see* Dkt. No. 10 at 15, I disagree. The amended complaint is notably bereft of any allegations that could plausibly tie Margaret, Robert Martin, or Eric Channing to the NYCDEP's attempts to contact plaintiff concerning

12

the past-due water bills. Plaintiff's conclusory allegation that Margaret's phone call in the spring of 2009—several months before the NYCDEP commenced its attempts to collect the debt in the fall of 2009—"was a RICO predicate act of wire fraud" is speculative and insufficient to state a plausible claim. Dkt. No. 10 at 7, 15. Similarly, plaintiff's allegation that the NYCDEP was "a third party listening in" on that phone call in the spring of 2009 suffers from the same deficiencies. Dkt. No 15.

Similarly, plaintiff's allegation that defendant Hamel committed mail fraud "because [his letter] purported to enclose an administrative decision made by the NYCDEP," but did not actually do so, similarly fails to satisfy Rule 9(b)'s particularity requirements concerning intent or motive. Dkt. No. 10 at 15. There is no inference from the allegations in amended complaint—let alone a "strong inference"—that defendant Hamel intended to defraud, and had knowledge of the falsity, or a reckless disregard for the truth. *Jus Punjabi, LLC*, 640 F. App'x at 58; *Cohen*, 711 F.3d at 359. As a result, plaintiff's amended complaint fails to plausibly allege that defendants committed mail fraud or wire fraud as a predicate act under 18 U.S.C. 1961(1).

    3.    <u>Extortion</u>

Turning next to the allegation that defendants committed extortion,

under 18 U.S.C. § 1961(1) extortion constitutes racketeering activity if it is "chargeable under State law and punishable by imprisonment for more than one year[.]" 18 U.S.C. § 1961(1). In New York, the crime of coercion in the first degree, which is a class D felony punishable by at least one year in prison, N.Y. Penal L. § 70.00, is defined as follows:

> A person is guilty of coercion in the first degree when he or she commits the crime of coercion in the second degree,[2] and when:
>
> 1. He or she commits such crime by instilling in the victim a fear that he or she will cause physical injury to a person or cause damage to property; or
>
> 2. He or she thereby compels or induces the victim to:
>
>> (a) Commit or attempt to commit a felony; or
>>
>> (b) Cause or attempt to cause physical injury to a person; or
>>
>> (c) Violate his or her duty as a public servant.

---

[2] In relevant part,

> [a] person is guilty of coercion in the second degree when he or she compels or induces a person to engage in conduct which the latter has a legal right to abstain from engaging in . . . by means of instilling in him or her a fear that, if the demand is not complied with, the actor or another will . . . [p]erform [an] act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his or her health, safety, business, calling, career, financial condition, reputation or personal relationships.

N.Y. Penal L. § 135.60(9).

N.Y. Penal L. § 135.65.

Much like plaintiff's original pleading, his extortion claim is based upon the allegation that several debts were falsely reported as belonging to him. Dkt. No. 10 at 4-5. Rather than addressing the specific deficiencies previously identified by the court, plaintiff has instead expanded the allegations from Margaret and Robert Martin to also include allegations against Eric Channing. *Id.* As a result, the amended complaint fails to plausibly allege "that defendants took any action, directly or indirectly, against plaintiff by instilling fear in plaintiff or a third party" such that any of the defendants committed coercion in the first degree. *See* N.Y. Penal L. § 135.65. As a result, the amended complaint fails to plausibly allege that defendants committed extortion as a predicate act under 18 U.S.C. 1961(1).

### 4. Bribery

Finally, bribery constitutes racketeering activity to the extent it "is chargeable under State law and punishable by imprisonment for more than a year." 18 U.S.C. § 1961(1). In New York, the least severe degree of bribery of a public official is bribery in the third degree, N.Y. Penal L. § 200.00, a class D felony, which is punishable by at least one year imprisonment. N.Y. Penal L. § 70.00. "A person is guilty of bribery in the

third degree "when he confers . . . any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced." N.Y. Penal L. § 200.00.

Even assuming *arguendo* that plaintiff has sufficiently alleged that Margaret committed an act of bribery in the third degree in connection with the restraining order that her attorney obtained from former Justice Garson during divorce proceedings that ended nearly eighteen years ago, in order to state a civil RICO claim, the complaint must plausibly allege that defendants committed *two* predicate acts as defined in 18 U.S.C. § 1961(1). *Spool*, 520 F.3d at 183. Here, as was previously discussed, plaintiff has failed to plausibly allege that defendants committed any of the other alleged crimes. For these reasons, I recommend that plaintiff's amended complaint be dismissed.

### 5. NYCDEP Defendants

The two newly added defendants in plaintiff's amended complaint are identified as employees of the NYCDEP. It is well-established a municipality and its employees in their official capacities cannot be held liable in a civil RICO case. *See Frooks v. Town of Cortlandt*, 997 F. Supp. 438, 457 (S.D.N.Y.1998) (collecting cases); *see also Roger v. City of New*

16

*York*, 359 F. App'x 201, 204 (2d Cir. 2009) ("there is no municipal liability under RICO."). Plaintiff suggests that his claims have been brought against defendants Sapizena and Hamel, employees of the NYCDEP, in their individual capacity but fails to allege that they were acting outside the scope of their employment. Dkt. No. 10 at 1, 3, 7-8. In addition, for the same reasons that were previously outlined, plaintiff has also failed to plausibly allege that defendants Sapizena and Hamel committed two predicate acts pursuant to 18 U.S.C. § 1961(1).

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v.*

17

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, plaintiff has already been given one opportunity to amend his complaint, after having been alerted to the precise deficiencies in his original complaint. Plaintiff ignored many of deficiencies identified by the court and, as a result, his amended complaint fares no better than the original in that it continues to lack sufficient factual allegations plausibly suggesting the existence of a civil RICO violation pursuant to 18 U.S.C. § 1961 *et seq.*, against defendants. Although plaintiff is proceeding in this matter *pro se*, given that he has already been afforded one opportunity to amend his complaint and cure the noted deficiencies, I recommend that further leave not be granted. *See Pirro v. Nat'l Grid*, No. 12-CV-1364, 2014 WL 1303414, at *5 (N.D.N.Y. Mar. 31, 2014) (Suddaby, J.) ("[W]hile

generally leave to amend a pleading should be freely given, granting a plaintiff an opportunity to amend before dismissal of his action is not required where the plaintiff has already been afforded the opportunity to amend.").

III.    SUMMARY AND RECOMMENDATION

Although plaintiff availed himself of the opportunity to file an amended complaint following the dismissal of his original pleading, his amended pleading fails to cure the deficiencies that were identified by the court in its earlier order, report and recommendation. Accordingly, it is respectfully

RECOMMENDED that plaintiff's amended complaint (Dkt. No. 10) be DISMISSED, with prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3]  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[3]    If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation on plaintiff in accordance with the court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:   September 20, 2018
         Syracuse, New York